ABRAHAM & STRAUS, INC., BY W. J. BYRNES & Co., N. Y., INC., ET AL.
v. UNITED STATES

No. 6369.—Invoices dated Hucknall, England, September 1945, etc.
Certified September 1945, etc.
Entered at New York, N. Y., October 10, 1945, etc.
Entry No. 715611, etc.

(Decided September 20, 1946)

Siegel, Mandell & Davidson (Sidney Mandell of counsel) for the plaintiffs.
Paul P. Rao, Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax, described in the law of the United Kingdom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1402 (c)). United States v. Wm. S. Pitcairn Corp., 33 C. C. P. A. 183, C. A. D. 334.

An agreed set of facts, submitting these cases, establishes that export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), is the proper basis for appraisement of the instant merchandise, and that such statutory values for the articles in question are the appraised values less additions made by the importers on entry because of advances in similar cases.

JOHN HUDSON MOORE, INC., ET AL. v. UNITED STATES

No. 6370.—Invoices dated London, England, March 17, 1941, etc.
Certified April 4, 1941, etc.
Entered at New York, N. Y., May 14, 1941, etc.
Entry No. 762150, etc.

(Decided September 20, 1946)

Jordan & Klingaman for the plaintiffs.
Paul P. Rao, Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.